# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 5705 | **DATE** | September 12, 2011 |
| **CASE TITLE** | BROWN V. DUPAGE COUNTY | | |

**DOCKET ENTRY TEXT:**

Motion to dismiss [23] is granted in part and denied in part. Defendant Johnson's motion to dismiss is DENIED. Defendant Zaruba's motion to dismiss the punitive damages claim is GRANTED.

## STATEMENT

In a second amended complaint, Plaintiff Marlin Brown alleges that he was unlawfully jailed from November 23, 2008 until January 9, 2009. This suit is a 42 U.S.C. § 1983 action against the DuPage County Sheriff and several of his deputies. The Sheriff, John Zaruba, is sued in his official capacity on the theory that policies and practices he put in place are constitutionally defective. The deputies are sued for their direct involvement in the unconstitutional incarceration Brown is alleged to have suffered.

I. BACKGROUND

The relevant factual background is as follows. Plaintiff admits to striking another man in a bar on the night of November 23, 2008, although he claims he acted only in self-defense. Plaintiff left the bar but later that night was arrested and ultimately charged with misdemeanor battery. The DuPage County Sheriff's Deputies that apprehended him took him to DuPage County Jail.

When Plaintiff was brought to the jail, he claims that he gave the deputies his one and only legal name, Marlin Brown. The Deputies, however, mistakenly determined that he was not Marlin Brown but Earnest L. Brown, a/k/a Mike Bandy, who had outstanding felony warrants. At a bond hearing, certain Deputies represented to the presiding judge that Plaintiff was the subject of two Cook County warrants. Plaintiff protested the alleged misidentification, and the judge ordered the deputies to investigate Plaintiff's mistaken identification claim. Plaintiff claims that Defendants ignored or stalled on this request. One way or other, Plaintiff remained in jail after his bond hearing.

Despite daily protestations that he was not subject to any outstanding warrants, Plaintiff remained jailed through the month of December. Then, on December 28, 2008 (after missing the Christmas holiday with his

family and missing the passing and funeral of a beloved grandfather), certain deputies and civilian employees conducted a fingerprint analysis. Plaintiff claims this analysis confirmed his identity as Marlin Brown, a man not wanted for any felonies. Plaintiff was then summoned to court on December 29, 2008 for a hearing in which he thought his identity would be once and for all confirmed. This didn't quite happen, as Plaintiff claims that the Deputies now misrepresented to prosecutors and the court that Plaintiff was yet another fugitive, one Tony Jackson.

It was not until January 9, 2009 that Plaintiff was finally able to convince a court who he was - and who he wasn't - and thereby earn his release. The original battery charge for which Plaintiff was arrested was later dismissed.

II. ANALYSIS

Before me now are two motions to dismiss. The first is brought by Defendant Chris Johnson, a civilian employee of the DuPage Sheriff's Office. He asserts that Plaintiff has not submitted sufficient facts to state a claim against him. Alternatively, Johnson argues that Plaintiff has pled facts which defeat any claim against him.

Under the specific facts here, Johnson's motion must be denied. Johnson's role in Plaintiff's detention is that he was involved in the fingerprinting that took place on December 28, 2008. That was the fingerprinting in which Marlin Brown was confirmed to "not [be] the subject wanted by the Cook County Sheriff's Office." Johnson argues his role is either not a large enough one to be properly named as a defendant, or that the determination Johnson made shows that he actually helped Plaintiff.

The problem with Johnson's argument is that it overlooks what happens after the December 28 fingerprinting. Brown alleges that notwithstanding the finding that he was not subject to any Cook County warrants, the deputies and prosecutors inexplicably pivoted to the theory that Plaintiff was "Tony Jackson," another wanted individual. Because of that, Plaintiff was not released for almost two more weeks. Johnson's exact role in this is unclear, but given the precise circumstances of this case, it is more than understandable that Plaintiff cannot detail what exactly Johnson did or did not do. There is no dispute that Johnson had at least some involvement in Plaintiff's alleged ordeal, which ordeal inexplicably persisted for several days past Johnson's determination that Marlin Brown was not wanted in Cook County. The motion to dismiss as to Johnson is therefore denied.

Defendant John Zaruba's motion to dismiss Plaintiff's punitive damages claim is granted. Zaruba is sued in his official as Sheriff of DuPage County. The suit against him, therefore, "is considered one against a municipality, and municipalities are immune from punitive damages in § 1983 suits." *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (citations omitted).

III. CONCLUSION

Defendant Johnson's motion to dismiss is DENIED. Defendant DuPage County Sheriff John Zaruba's motion to dismiss the punitive damages allegation is GRANTED.