# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| MARLIN BROWN, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No. 10 C 5705 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| SHERIFF JOHN E. ZARUBA, ex-officio DUPAGE COUNTY SHERIFF'S OFFICE, SHERIFF'S DEPUTY GRADUS, SHERIFF'S DEPUTY KUSCHELL, SHERIFF'S DEPUTY JOHNSON, and other UNKNOWN DUPAGE COUNTY SHERIFF'S DEPUTIES,[1] | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 for their alleged violation of his constitutional rights. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

## Facts

On November 23, 2008, plaintiff had a fight with Michael Davis, after which Davis told a non-party, off-duty DuPage County Sheriff's officer that plaintiff had hit him. (Pl.'s LR 56.1(b)(3) Stmt. ¶¶ 3-6.) The non-party officer called the DuPage County Sheriff's Office, and defendants Gradus and Kuschell responded to the call. (*Id.* ¶¶ 7-8.) Davis told Gradus and Kuschell that

---

[1] Because plaintiff has not identified or served the unknown officers, the Court dismisses them from this suit.

plaintiff hit him, wrote a statement to that effect, and signed a misdemeanor battery complaint against plaintiff. (*Id.* ¶¶ 10-11, 13-15.)

Shortly after, Gradus and Kuschell arrested plaintiff for battering Davis, and Kuschell took plaintiff to the DuPage County Jail. (*Id.* ¶¶ 20, 24.) Gradus and Kuschell had no further contact with plaintiff. (*Id.* ¶¶ 26-27.)

At the Jail, plaintiff was photographed and fingerprinted by Sheriff's Deputy Paul Manion[2] and others. (Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 5.) The booking report form for plaintiff's arrest lists twelve aliases for him, including Mike Bandy and Ernest Brown. (*Id.* ¶ 9.) It also indicates, incorrectly, that plaintiff's SID [State Identification Number] is IL41887190; plaintiff's actual SID is IL11196881. (*Id.* ¶¶ 9-11.)

The next day, November 24, 2008, a judge set bond for plaintiff at $5,000/10 percent on the misdemeanor battery charge. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 30.) A LEADS [Illinois Law Enforcement Agencies Data System] report from the same date shows that Ernest Brown a/k/a Mike Bandy, two of plaintiff's alleged aliases, was wanted on two Cook County warrants. (Pl.'s Ex. B, 11/24/08 LEADS Report.) Someone wrote on the report, "AKA: [plaintiff]" and "SID #'s match." (*Id.*) It is not clear whether the bond court judge had the LEADS report or knew about the Cook County warrants. However, plaintiff says he told the bond court judge that he was not Ernest Brown and that, after the hearing, unidentified Sheriff's deputies told him that he was on a "hold for Cook County." (Def.'s Ex. 3, Brown Dep. at 81-84.)

---

[2]Plaintiff named Manion as a defendant, but the Court dismissed the claims plaintiff asserted against him for want of prosecution on June 9, 2015.

On December 8, 2008, plaintiff's friend, Willie Thomas, went to post bond for plaintiff but unidentified Sheriff's office personnel "wouldn't allow him" to do so. (*Id.* at 87.) Thomas was also told that, even if bond were posted, plaintiff would not be released but would be transferred to the custody of the Cook County Sheriff. (Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 19-20.)

On December 10, 2008, Brown attended a hearing at which his bond was reduced to $1,000/10 percent. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 38.)

On December 16 and 17, 2008, plaintiff filled out grievances, stating that he was being held based on a misidentification. (Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 21-22.)

On December 30, 2008, plaintiff was fingerprinted again. (*Id.* ¶ 25.) The fingerprint report stated that plaintiff was "not the subject wanted by the Cook County Sheriff's Office," and identified the reporting officer as "C. Johnson." (*Id.* ¶¶ 24-25.)

On January 9, 2009, plaintiff was released from jail on his own recognizance. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 44.)

## **Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In Count I of the second amended complaint, plaintiff asserts that Gradus, Kuschell, and Johnson violated his Fourth Amendment right to be free from unreasonable arrest. To defeat defendants' motion on this claim, plaintiff must offer evidence that suggests they arrested him without probable cause. *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). "Probable cause exists if an officer reasonably believes, in light of the facts known to him at the time, that a suspect had committed or was committing an offense." *Id.* at 638-39 (quotation and alteration omitted). There is no dispute that Gradus and Kuschell arrested plaintiff after Davis told them that plaintiff had hit him. (*See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 10-11, 13-15.) Thus, the record establishes that they had probable cause to arrest plaintiff for battery. *See* 720 Ill. Comp. Stat. 5/12-3(a) ("A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.").

Plaintiff argues that his Fourth Amendment claim against Johnson survives because Johnson did not, as far as the record shows, take action to get plaintiff released after learning that he was not the person wanted on the Cook County warrants. However, the Fourth Amendment only governs seizures, and plaintiff was seized only once, on November 23, 2008. *See Llovet v. City of Chi.*, 761 F.3d 759, 764 (7th Cir. 2014), *cert. denied sub nom. Llovet v. City of Chi., Ill.*, 135 S. Ct. 1185 (2015) ("When, after the arrest or seizure, a person is not let go when he should be, the Fourth Amendment gives way to the due process clause as a basis for challenging his detention."). Because there is no dispute that Johnson was not involved in plaintiff's battery arrest, the false arrest claim asserted against him fails.

4

In Count II, plaintiff alleges that Johnson[3] violated his due process rights by detaining him on the Cook County warrants. Viewed favorably to plaintiff, the record suggests that, on December 8, 2008, plaintiff's friend was told by a DuPage Sheriff staff member that he could not post plaintiff's bond on the battery charge. (Def.'s Ex. 3, Brown Dep. at 87.) The evidence does not suggest, however, that Johnson was that staff member or that he otherwise knew plaintiff had been denied the opportunity to post bond. Thus, when Johnson discovered that plaintiff was "not the subject wanted by the Cook County Sheriff's Office" (Pl.'s LR 56.1(B)(3)(C) Stmt. ¶¶ 24-25), he had no reason to question the validity of the bond order on the battery charge. Because it is undisputed that plaintiff never posted bond (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 37), Johnson's obedience to the bond court's order did not violate plaintiff's due process rights. *See Hernandez v. Sheahan*, 455 F.3d 772, 778 (7th Cir. 2006) (dismissing due process claim against Sheriff's Office for its failure to investigate plaintiff's claims of mistaken identity made at and after a bond hearing and saying: "If there were deficiencies in the hearing that the Circuit Court of Cook County offered Hernandez on June 11, then the right response would have been for his lawyer to insist that a better decision be made, and to appeal if the judge refused. There is no basis for an award of damages against executive officials whose policy is to carry out the judge's orders.").

---

[3] If plaintiff asserts this claim against Gradus and Kuschell, they are entitled to judgment on it, given plaintiff's admission that they had no contact with him after November 23, 2008. (*See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 26-27.) The speculation of Vincent Gortner, a purported expert in police procedures, about what Gradus and Kuschell may have or could have done does not change this result. (*See* Pl.'s Ex. 1, Gortner Aff. ¶ 34.)

In Counts III and IV, plaintiff seeks to hold Sheriff Zaruba in his official capacity – that is, the Sheriff's Office, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985) – liable for the individual defendants' alleged violation of plaintiff's constitutional rights. Because the record does not support the inference that plaintiff's rights were violated, the Sheriff is entitled to judgment on these claims.

## Conclusion

For the reasons set forth above, the Court grants defendants' motion for summary judgment [60] and terminates this case.

**SO ORDERED.**                    **ENTERED: February 24, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**